IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

  *v.*

JAMES J. ACREE

CRIMINAL ACTION NUMBER
1:16-cr-232-RWS

**Government's Motion for Downward Departure
Based on Defendant's Substantial Assistance to Authorities**

Pursuant to U.S.S.G. § 5K1.1, the United States hereby requests that the Court depart from the guidelines and reduce Defendant James J. Acree's total offense level by three levels because he provided substantial assistance to the government in the investigation and prosecution of James G. Maloney, who was convicted of conspiracy to commit wire fraud and mail fraud under 18 U.S.C. § 1349, in Criminal Action Number 1:16-cr-237-RWS-JSA. In support of this Motion, the government shows the following:

On July 5, 2016, Defendant Acree waived indictment, and the government filed a Criminal Information against him, alleging that he conspired with James G. Maloney and James D. Fraley, III to commit wire fraud and mail fraud under 18 U.S.C. § 1349.

Defendant Acree pleaded guilty to that charge on August 15, 2016. But his cooperation with law enforcement began much earlier.

Defendant Acree's lawyer first reached out to the government on November 22, 2013. Defendant Acree was first interviewed by federal agents and prosecutors on January 28, 2015.

The government's investigation lasted until Maloney was indicted on June 28, 2016. By that time, Defendant Acree had been cooperating with law enforcement for 17 months.

As part of his cooperation, Defendant Acree participated in two proffer sessions in 2015 and 2017, as well as two pretrial interview sessions in May 2023, when it still appeared that Maloney was headed to trial. More than eight years elapsed between his first interview by the government and his last.

Defendant Acree was willing to testify against Maloney and would have testified against Maloney at trial if Maloney had not elected to plead guilty.

From the outset, Defendant Acree admitted his involvement in the conspiracy and explained the actions that he and his co-conspirators had taken to defraud the United States and Georgia Tech. He also provided the government with insight and information concerning the voluminous documents, including the fraudulent Tec-Masters consulting agreements that he arranged and the specific PCard purchases that he requested for his personal benefit.

The government believes that, in all of his proffer sessions and pretrial interviews, Defendant Acree responded fully and truthfully to all inquiries of the government, without falsely implicating any person or intentionally withholding any information. The information that Defendant Acree provided was corroborated by other witnesses and by the documents that the government uncovered in its investigation.

In sum, the United States believes that Defendant Acree provided substantial assistance to prosecutors and agents in the Maloney case, and the United States requests that the Court downwardly depart by three levels in sentencing Defendant Acree.

In determining whether a defendant has provided "substantial assistance" in the investigation or prosecution of another person who has committed an offense, the Court may consider the factors set forth in U.S.S.G. § 5K1.1. *E.g., United States v. Jackson*, No. 1:14-CR-00339-WSD, 2017 WL 1018343, at *1 (N.D. Ga. Mar. 16, 2017). Those factors are as follows:

.
(1)    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)     the nature and extent of the defendant's assistance;

(4)     any injury suffered, or any danger or risk of injury to
the defendant or his family resulting from his
assistance;

(5)     the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1; *see also id.* at (n.3) (" Substantial weight should be given to the

government's evaluation of the extent of the defendant's assistance, particularly

where the extent and value of the assistance are difficult to ascertain.").

WHEREFORE, the United States respectfully requests that the Court grant

its Motion for Downward Departure Based on Defendant's Substantial

Assistance to Authorities.

Respectfully submitted,

Ryan K. Buchanan
*United States Attorney*

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar Number 576335

/s/ Stephen H. McClain
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

## CERTIFICATE OF SERVICE

I hereby certify that, on October 26, 2023, I electronically filed the

foregoing document with the Clerk of Court using the CM/ECF system.

/s/John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000