IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA : | |
| Plaintiff : | |
| : | Case Number: |
| v. : | 1:16-CR-00232-01-RWS |
| : | |
| JAMES J ACREE : | |
| Defendant : | |

**DEFENDANT JAMES J. ACREE'S MOTION TO MODIFY THE CONDITIONS OF HIS PROBATION TO ALLOW HIM TO TRAVEL ABROAD**

Comes now Defendant James J. Acree, by and through his counsel, Jerome J. Froelich Jr., and moves this Court to modify the conditions of his probation to allow him to travel without seeking the permission of his Probation Officer for the following reasons:

1.

On November 1, 2023 Defendant Acree was sentenced to 3 years probation with the first 365 days on home confinement.

2.

Defendant Acree has no prior criminal record and the events for which he was sentenced took place about 10 years before he plead guilty.

3.

Defendant Acree's present employment requires him to travel extensively in

-1-

the United States and internationally. Defendant Acree, in order to travel, has to submit a request form to the Probation Department at least 14 days before he is to travel within the United States and 45 days prior to international travel.

4.

Defendant Acree's present employment requires extensive travel, both within and outside the United States. Defendant Acree's probation officer has granted Defendant Acree to travel with requests made slightly shorter than the required time request.

5.

However, there have been times when Defendant Acree's present employer gave Defendant Acree only a very short notice to travel, particularly on international travel, that Defendant Acree felt he had to explain to his employer his notice was too short and he could not request permission to travel and, therefore, some other employee had to travel in Defendant Acree's place. Defendant Acree was only able to keep his job under these circumstances because he is a valuable employee. Though Defendant Acree believes this has hurt his employment status. More importantly, Defendant Acree has been informed that his employer is in financial trouble and Defendant Acree will most likely be looking for a new job.

6.

It will be difficult for Defendant Acree to find a new job if he cannot travel on short notice. Also that he has to make a request and give notice may make a new employer hesitant to hire Defendant Acree.

7.

In view of the above, Defendant Acree would request that he be allowed to travel by only giving notice to his Probation Officer but not requiring approval. This will allow Defendant Acree to travel at a moment's notice.

8.

It should be noted that Defendant Acree cooperated extensively with the government and was prepared to testify prior to pleading guilty. Further, Defendant Acre traveled internationally without having to seek permission and always returned to the United States prior to his sentencing.

9.

Defendant Acree's wife and children live in the United States and he has always obeyed all the conditions of his probation.

## **Conclusion**

For all the above reasons Defendant Acree's request that his motion be granted.

Respectfully submitted,

S/ *Jerome J. Froelich Jr.*
Jerome J. Froelich, Jr.
State Bar No. 278150

770 Kings Way
Atlanta, Georgia  30327
(404) 983-8229

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served correct copy of the within and foregoing with the Clerk of Court using the CM-ECF system which will automatically send e-mail notification of such filing to the opposing counsel:

Stephen McClain, Esq.
United States Attorney's Office - ATL
Assistant United States Attorney
600 US Courthouse
75 Ted Turner Drive SW
Atlanta, Georgia 30303

This 31st    day of May , 2025.

                                             S/ *Jerome J. Froelich Jr.*
                                            JEROME J. FROELICH, JR.
                                            Georgia State Bar No.  278150

770 Kings Way
Atlanta, Georgia  30327
(404) 983-8229
jerryfroelich@comcast.net